# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JEFF GEORGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:08-0787 |
| ) | Judge Echols |
| VOUGHT AIRCRAFT INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

After Plaintiff filed a Complaint in this district styled George v. Vought Aircraft, 3:04-0417 in which he alleged that his termination by Defendant Vought Aircraft Industries, Inc. ("Vought") violated the Family and Medical Leave Act, the parties reached a mutually agreeable settlement and the case was dismissed. In this action, Plaintiff, proceeding pro se, alleges that the settlement was the result of a material misrepresentation by the Defendant, specifically that Defendant wrongfully told him that it was closing its Nashville, Tennessee plant and that this revelation prompted Plaintiff to settle his prior case against Defendant.

The Defendant has filed a Motion for Summary Judgment (Docket Entry No. 17) and the Magistrate Judge has entered a Report and Recommendation ("R & R") (Docket Entry No. 62) which recommends that the Court grant summary judgment in Defendant's favor. Plaintiff filed "Objections to The Defendant's Motion for Summary Judgment" (Docket Entry No. 65) on November 17, 2009, which the Court construes as objections to the R & R.

When a party makes timely objections to an R&R which addresses a dispositive matter (such as a motion for summary judgment), the Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Where objections are made to nondispositive matters (such as discovery disputes), Rule 72(a) provides that the Court shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see, Pinkerton's Inc. v. Shelly Pinkerton Corp., 1999 WL 777683 at *4 (6th Cir. 1999); Caidor v. Onondaga County, 517 F.3d 601, 605 (2nd Cir. 2008). When Plaintiff filed his objections in this case, the Federal Rules provided that objections were to be filed within ten (10) days of service of the Magistrate Judge's ruling. Fed. R. Civ. P. 72(a) & (b)(2).[1]

In the R & R, the Magistrate Judge correctly noted that a Settlement Agreement is a contract and that to show a fraud or misrepresentation which would make the settlement agreement void or voidable, Plaintiff was required to show "1) the defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) plaintiff reasonably relied on the misrepresented material fact, and 6) plaintiff suffered damages as a result of the misrepresentation." (R & R at 12-13, citing, Metropolitan Govt. of Nashville and Davidson Co. v. McKinney, 852 S.W.2d 233, 237 (Tenn. Ct. App. 1992)). The Magistrate Judge ruled that Plaintiff failed to establish any of these elements.

Plaintiff begins his objections by stating it is "a summary on why [he] object[s] to the Court's decision" and then generally complains about Defendant's alleged failure to properly respond to interrogatories so that Plaintiff could identify individuals to be deposed in this action. He also complains about the Magistrate Judge's decision "not to get involved" in the discovery dispute (Docket Entry No. 65 at 2).

---

[1] Effective December 1, 2009, the ten day period was extended to fourteen days.

This objection is untimely because it was filed months after the Magistrate Judge entered an Order (Docket Entry No. 40) on June 25, 2009 denying Plaintiff's "Motion for Assistance From the Magistrate Judge and For An Extension of the Deadline to File Motion to Compel" (Docket Entry No. 38). Regardless, the objection is without merit because this Court has already ruled that the Magistrate Judge did not clearly err or act contrary to law by deciding not to extend discovery based upon Plaintiff's claim that there were outstanding "discovery issues" and that he needed "to take depositions." (Docket Entry No. 59).

As for the Magistrate Judge's substantive ruling, Plaintiff objects to the finding of no misrepresentation or fraud because Defendant "indirectly" told him that it was moving its operations to Dallas, Texas. In this vein, Plaintiff asserts that Magistrate Judge Brown, who conducted the settlement conference in the earlier action, told Plaintiff that Vought was moving to Dallas, Texas and that if Plaintiff wanted to continue his employment he would need to move there. Plaintiff also asserts that there were media reports circulating around the time of the settlement discussion which indicated such a move was in the offing. Plaintiff argues he settled the prior case because he was not in a position to move to Dallas.

Notably, Plaintiff has presented no evidence that Defendants told him either directly or indirectly that Vought was planning to move to Dallas or that Plaintiff would have to move to Dallas to keep his job. Further, the Settlement Agreement indicates that its contents contained the "entire understanding between the parties," but there is nothing in the Settlement Agreement concerning the possible closure of the local facility and the agreement was not contingent on such a closure. Had that been a factor in Plaintiff's decision, Plaintiff, who was then represented by counsel, should have insisted that such language be included. Further, Plaintiff has presented no evidence which suggests that at the time the Settlement Agreement was reached, Vought was not

intending to move its operations to Dallas. Given the utter lack of proof of intentional misrepresentation by Defendants, Plaintiff cannot present a triable issue on his claim of fraud or misrepresentation.

Accordingly, the Court hereby enters the following rulings:

(1) The Report and Recommendation (Docket Entry No. 62) is hereby ACCEPTED and APPROVED;

(2) Plaintiff's "Objections to Defendant's Motion for Summary Judgment" (Docket Entry No. 65) are hereby OVERRULED;

(3) Defendant's Motion for Summary Judgment (Docket Entry No. 17) is hereby GRANTED; and

(4) This case is returned to the Magistrate Judge to address the pending motions.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE